IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JEREMY COLTON LIGHT,**

       Plaintiff,

v.                                                  **Civil Action No. 5:23-CV-207**
                                                         Judge Bailey

**C.O. MILINI, ANGELO J. VIANI,
KATHERINE N. HESS, CAPTAIN
D. BAILEY, JOHN ANDERSON,
SALEM CORRECTIONAL CENTER,
DIVISION OF CORRECTIONS,** and
**STATE OF WEST VIRGINIA,**

       Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On June 2, 2023, the plaintiff, a state pre-trial detainee, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

The facts alleged in the Complaint occurred while plaintiff was incarcerated at Salem Correctional Center in Harrison/Doddrige Counties. According to the Complaint, on January 25, 2019, plaintiff was in his cell when three individuals entered an attacked him. Defendant Milini walked up to plaintiff's cell during the attack and observed but rather than intervene, closed the door to the cell and allowed the attack to continue.

1

Although plaintiff includes five "claims" in his petition, they all include allegations about the injuries or wrongdoing associated with the same claim: first, that plaintiff has suffered mental anguish, second, that his Fourth Amendment rights were violated by defendant Milini's inaction, third, that he received multiple head injuries, fourth, that he did not feel safe on Department of Corrections and Rehabilitation's grounds due to the incident, and fifth, that he suffered internal head injuries. For relief, plaintiff asks for punitive and monetary damages "from $10's of $100's of 1,000's of $100's of thousands possibly even millions of dollars." [Doc. 1 at 17].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly

---

[1] *Id.* at 327.

baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

**Wyatt v. Cole**, 504 U.S. 158, 161 (1992) (citing **Carey v. Piphus**, 435 U.S. 247, 254–257 (1978)). In **Gomez v. Toledo**, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

**Gomez**, 446 U.S. at 640.

First, the undersigned finds that the claims against Salem Correctional Center, Division of Corrections, and the State of West Virginia, should be dismissed. 42 U.S.C. § 1983 creates a cause of action against any "*person* who" acts under color of law. (emphasis added). Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). Critically, complaints in § 1983 actions

3

must allege that some person has deprived him of a federal right. **Gomez v. Toledo**, 446 U.S. 635, 640 (1980). The Eleventh Amendment bars such suits against the State, and § 1983 does not provide an exception. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989) (citing **Quern v. Jordan**, 440 U.S. 332 (1979)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." **Will**, 491 U.S. at 71. Plaintiff's claims against Salem Correctional Center, Division of Corrections, and the State of West Virginia fail to name a valid defendant for purposes of § 1983 and must be dismissed.

Second, the undersigned finds that the Complaint does not include allegations stating a claim against defendants Bailey, Hess, or Anderson. The only allegations made against these defendants are that as supervisors (defendant Milini's Captain, the Deputy Superintendent, and the Warden, respectively) they are responsible for their employee's actions. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." **Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to **Bivens** and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." **Id**. "A **Bivens** claim is brought against the individual official for his or her own acts, not the acts of others." **Ziglar v. Abassi**, 137 S.Ct. 1843, 1860 (2017).

Supervisory liability under § 1983 is established when three elements are met:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show

4

>   "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

**Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir. 1994).  The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id*. at 799 (citing **Slakan v. Porter**, 737 F.2d 368 (4th Cir. 1984)).

"Constructive notice can be alleged in multiple ways, including the existence of written reports of conditions at a detention facility, or a supervisor's high level of responsibility coupled with the violations alleged to have occurred on her or his watch." **Jones v. Murphy**, 470 F. Supp. 2d 537, 546 (D. Md. 2007).  "[I]t has been established that the plaintiff bears a heavy burden of proof which cannot be satisfied by pointing to a single incident or isolated incidents because 'a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibility.'" **Leonard v. Starkey**, No. 1:14-CV-42, 2017 WL 354851, at *8 (N.D. W.Va. Jan. 24, 2017) (quoting **Slakan v. Porter**, 737 F.2d 368, 373 (4th Cir. 1984)).

Turning to the second element, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses'; however, a plaintiff claiming deliberate indifference 'assumes a heavy burden of proof." **Shaw**, 13 F.3d at 799.  "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." *Id*.

5

Finally, the third element can be established "when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." **Shaw**, 13 F.3d at 799 (citations omitted). "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." **Shaw**, 13 F.3d at 799.

Here, plaintiff has not included any specific allegations related to defendants Bailey, Hess, or Anderson, and merely points to their role as supervisors. Accordingly, the claims against them should be dismissed.

Third, to the extent plaintiff alleges a claim against defendant Viani, that claim should be dismissed. The only allegation made against defendant is that defendant Viani "is the unit manager that denied my grievances." [Doc. 1 at 15]. There is no constitutional right for inmates to participate in grievance proceedings. **Adams v. Rice**, 40 F.3d 72, 75 (4th Cir. 1994); see also **Booker v. S.C. Dep't of Corr.**, 855 F.3d 533, 541 (4th Cir. 2017) ("inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."). Accordingly, plaintiff has not alleged a deprivation of a federal right by defendant Viani and the claim against him should be dismissed.

Accordingly, the only remaining defendant is defendant Milini. However, upon review, the undersigned concludes that the claims against Milini (and, indeed, against all defendants) are barred by the statute of limitations. For purposes of determining the

statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to general personal injury actions.  ***Wilson v. Garcia***, 471 U.S. 261, 279 (1985).  Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions.

    W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

Accordingly, the applicable statute of limitations for plaintiff's claims is two years.

    Further, under the Prison Litigation Reform Act, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e (a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  ***Porter v. Nussle***, 534 U.S. 516, 524 (2002).

    The statute of limitations for claims brought under § 1983 is tolled during the PLRA exhaustion period.  ***Battle v. Ledford***, 912 F.3d 708, 720 (4th Cir. 2019); ***Fauconier v. Clarke***, 966 F.3d 265, 275 (4th Cir. 2020) ("in ***Battle v. Ledford***, 912 F.3d 708 (4th Cir. 2019), we concluded that because the PLRA requires administrative exhaustion, application of federal equitable tolling principles is appropriate to account for the time prisoners spend exhausting their administrative remedies.").  In ***Battle***, the Fourth Circuit joined "every circuit that has confronted a state no-tolling rule and . . . has applied federal

law to equitably toll § 1983 limitations during the PLRA exhaustion period." **Battle**, 912 F.3d at 719.  The Fourth Circuit further noted:

> Tellingly, not one of these courts has required a claimant to prove additional extraordinary circumstances beyond the exhaustion requirement or to show constant diligence until the moment of filing, as the officers would have us do here. In fact, the Second Circuit even acknowledged "substantial delay arising from [the plaintiff]'s failure" to properly litigate the claim before it, but still equitably tolled the administrative grievance period in light of § 1983's well-established policies. **Gonzalez** [**v. Hasty**], 651 F.3d [318,] 320, 323.

**Battle**, 912 F.3d at 719–20.  However, this equitable tolling applies only when the prisoner shows (1) that he had been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  **Fauconier**, 966 F.3d at 275.

The incident alleged in the Complaint occurred on January 25, 2019; the Complaint in this case was filed on June 2, 2023.  More than two years have passed between the incident and the filing of the lawsuit.  The latest date shown in plaintiff's attached filings related to administrative remedies is February 8, 2019.  The undersigned notes that plaintiff had previously brought these claims in another case before this Court, **Light v. Milini et al**, Civil Action Number 1:20-CV-36.  Even assuming, *arguendo*, that plaintiff was still pursuing administrative remedies the entire time he remained incarcerated, the record reflects that by September 15, 2020, plaintiff was no longer incarcerated and no longer required nor able to pursue administrative remedies in order to bring his suit.  Thus, under even the most generous interpretation, the filing of the instant Complaint is clearly untimely.

There is no question that the earlier case, filed on March 2, 2020, was timely filed.  However, on September 21, 2020, plaintiff filed a change of address, updating his address with this Court to:

8

>   307 Hicks Lane
>   Charleston, WV 25603

[Doc. 23]. The docket reflects that after the change of address, some of the filings were returned as "Unclaimed" while others showed that they were served but with USPS noting "Delivered, Neighbor as Requested." On June 3, 2021, Magistrate Judge Aloi entered an Order to Show Cause, noting that plaintiff had been advised of his responsibility to keep the Court informed of his current address and directing the plaintiff to show cause why the case should not be dismissed for failure to prosecute. [Doc. 48]. After no response was filed, on June 23, 2021, Judge Kleeh entered an order dismissing the case without prejudice for failure to prosecute. Over a year-and-a-half later, plaintiff filed letters to the Court inquiring about the case, a Notice of Change of Address, and a Motion to Reopen the Case. *See* [Docs. 53, 55, 57, & 58]. On April 5, 2023, Judge Bailey denied the Motion.

Generally, a case dismissed without prejudice can be refiled. However, "if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." **Angles v. Dollar Tree Stores, Inc.**, 494 F. App'x 326, 330 (4th Cir. 2012) (quoting **Elmore v. Henderson**, 227 F.3d 1009, 1011 (7th Cir. 2000)). Accordingly, the Complaint should be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED** with prejudice as to defendants Viani, Hess, Bailey, Anderson, Salem Correctional Center, Division of Corrections, and State of West Virginia, and without prejudice as to defendant Milini.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** July 17, 2023.

                                             */s/ James P. Mazzone*
                                             JAMES P. MAZZONE
                                             UNITED STATES MAGISTRATE JUDGE