IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JEREMY COLTON LIGHT,**

      Plaintiff,

v.                                        **CIV. ACT. NO. 5:23-CV-207**
                                              Judge Bailey

**C.O. MILINI, ANGELO J. VIANI,
KATHERINE N. HESS, CAPTAIN
D. BAILEY, JOHN ANDERSON,
SALEM CORRECTIONAL CENTER,
DIVISION OF CORRECTIONS,** and
**STATE OF WEST VIRGINIA,**

      Defendants.

## ORDER

The above-styled matter came before this Court for re-consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 14].[1] Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 17, 2023, wherein he recommends that plaintiff's claims against defendant C.O. Milini be dismissed without prejudice, and that the remainder of plaintiff's case be dismissed with prejudice as to defendants Viani, Hess, Bailey, Anderson,

---

[1] The Court previously adopted the R&R on August 14, 2023. See [Doc. 21]. However, the Court vacated its adoption of the R&R on June 14, 2024, and re-opened the R&R for objections. See [Doc. 64]. On May 23, 2024, the United States Court of Appeals for the Fourth Circuit issued an unpublished per curiam opinion [Doc. 60] and judgment [Doc. 61], which remanded the above-captioned matter to this Court for further consideration.

Salem Correctional Center, Division of Corrections and the State of West Virginia. *See* [Doc. 14]. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND/PROCEDURAL HISTORY[2] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within twenty-one (21) days of this Court's entry of its June 14, 2024 Order [Doc. 64]. Plaintiff timely filed his

---

[2] This Court fully adopts and incorporates herein the section of the R&R entitled "The Complaint." *See* [Doc. 14 at 1–2].

objections to the R&R [Doc. 66] on July 2, 2024.[3] Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found that plaintiff's claims against defendants Salem Correctional Center, Division of Corrections and State of West Virginia must be dismissed because a claim brought pursuant to 42 U.S.C. § 1983 must be brought against a *person*, and because the State of West Virginia enjoys immunity to such suits under the Eleventh Amendment to the United States Constitution. *See* [Doc. 14 at 3–4]. Magistrate Judge Mazzone also found that plaintiff's claims against defendants Hess, Bailey and Anderson must be dismissed. *See* [Id. at 4–6]. Specifically, the Magistrate Judge found that the only allegations supporting claims against these defendants is that, as supervisors, they are responsible for their employees' actions. [Id.] The Magistrate Judge found, *inter alia*, that such allegations are insufficient to support claims against supervisory personnel because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." [Id. (quoting **Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009))].

Magistrate Judge Mazzone additionally found that plaintiff's claims against defendant Viani must be dismissed because the sole allegation pertaining to defendant Viani was that he "denied" plaintiff's "grievances," and there is "no constitutional right for

---

[3]Plaintiff additionally filed a Motion to Amend Claims [Doc. 67] and a Letter requesting a copy of all fees paid toward his Appeal, as well as all documents filed [Doc. 68] on July 2, 2024.

3

inmates to participate in grievance proceedings." [Id. at 6 (citing **Adams v. Rice**, 40 F.3d 72, 75 (4th Cir. 1994))]. Lastly, Magistrate Judge Mazzone found that plaintiff's claims against defendant Milini were barred by the statute of limitations, but recommended the claims be dismissed without prejudice. [Id. at 6–9].

In his objections, plaintiff objects to the dismissal of defendants Salem Correctional Center, Division of Corrections and State of West Virginia on the basis that "municipalities are considered 'persons' and may be held liable under § 1983." [Doc. 66 at 1 (citing **Moody v. City of Newport News, Va.**, 93 F.Supp.3d 516 (E.D. Va. 2015) (Davis, J.))]. The key word here is "municipality." In West Virginia, a "municipality" is "any Class I, Class II, and Class III city, and any Class IV town or village, heretofore or hereinafter incorporated as a municipal corporation under the laws of this state." W.Va. Code § 8-1-2(a)(1). This definition of "municipality" clearly does not include the State as a whole, nor does it include a state prison or the Division of Corrections. Accordingly, this Court **OVERRULES** plaintiff's objections to the Magistrate Judge's dismissal of defendants Salem Correctional Center, Division of Corrections and State of West Virginia.

Plaintiff objects to the dismissal of defendants Hess, Bailey and Anderson on the grounds that:

> these defendants not only failed to provide a safe, clean or protected environment from prisoners or other harmful things, but also trained correctional officers to show deliberate indifference to the safety of prisoners by not interfering with an assault, and to secure the incident, even if it means

locking a prisoner in a cell with 3 prisoners who are actively assaulting him until back-up arrives.

[Doc. 66 at 2].

Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. **Shaw v. Stroud**, 13 F.3d 791, 798 (4th Cir. 1994) (internal citations omitted). The liability "is not premised upon *respondeat superior* but upon a 'recognition that supervisor indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Id*. (quoting **Slakan v. Porter**, 737 F.2d 368, 372–73 (4th Cir. 1984)).

Plaintiff cites **Doe v. Broderick**, 225 F.3d 440 (4th Cir. 2000) in support of his argument that defendants Hess, Bailey and Anderson may be liable for "failure to train." *See* [Doc. 66 at 3]. The Court finds **Broderick** to be inapplicable to this matter, however, because **Broderick** involved municipal liability for officer conduct. As this Court has discussed herein, neither Salem Correctional Center, the Division of Corrections, nor the State of West Virginia is a municipality under West Virginia law, and this extends to defendants Hess, Bailey and Anderson. Further, the Court agrees with Magistrate Judge Mazzone that plaintiff's allegations do not meet the three-part test for supervisory liability enumerated in **Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir. 1994). *See* [Doc. 14 at 4–6]. Accordingly, the Court **OVERRULES** plaintiff's objections to the dismissal of defendants Hess, Bailey and Anderson.

Plaintiff then discusses the dismissal of his claims due to the statute of limitations, but does not enumerate a specific objection to the dismissal of his claims. *See* [Doc. 66 at 3–4]. "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766.

Again, with regard to the dismissal of his claims on statue of limitation grounds, plaintiff does not direct this Court to any specific error made by Magistrate Judge Mazzone. Thus, *de novo* review is unnecessary. *See* **Green**, 644 F.Supp.2d at 730 (citing **Orpiano**, 687 F.2d at 47 (4th Cir. 1982)).

6

Even if plaintiff made specific objections to warrant a *de novo* review, this Court agrees with Magistrate Judge Mazzone that plaintiff's claims are barred by the applicable statute of limitations for reasons as set forth in the R&R.  *See* [Doc. 14 at 6–8].

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation **[Doc. 14]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Plaintiff's objections **[Doc. 66]** are **OVERRULED**.  Plaintiff's claims against defendants Viani, Hess, Bailey, Anderson, Salem Correctional Center, Division of Corrections and the State of West Virginia are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims against defendant Milini are **DISMISSED WITHOUT PREJUDICE**.  The pending Motion to Amend Claims **[Doc. 67]** is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: July 8, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE